JOHN M. BRENNAN, Appellant, v. NATIONAL EQUITABLE INVESTMENT CO., INC., Respondent.

**Contract — rescission — rescission nullified by subsequent acceptance of benefits growing out of contract — rescission of purchase of stock on ground of fraud and commencement of action to recover purchase price — acceptance and retention of dividends thereafter declared an abandonment of rescission and reaffirmation of contract — quære whether equity may grant relief, in cases of accident or mistake, against ratification that is merely thoughtless or inadvertent.**

1. An assertion of rescission is nullified by the subsequent acceptance of benefits growing out of the contract claimed to have been rescinded.

2. Where, therefore, after having rescinded a purchase of stock on the grounds of misrepresentation and fraud, tendered a return of the stock and brought this action at law to recover the purchase price, plaintiff accepted and retained dividends and not until service of a reply to a supplemental answer nearly three years after verification of the complaint did he disclose any intent to look upon the dividends as anything except dividends nor express a disposition to credit them to defendant, his retention of the dividends must be held as matter of law to constitute an abandonment of rescission and a reaffirmation of the contract.

3. The question is not here whether equitable jurisdiction in cases of accident or mistake is broad enough to give relief against a ratification by conduct that is merely thoughtless or inadvertent.

*Brennan* v. *Nat. Equitable Investment Co.*, 221 App. Div. 658, affirmed.

(Argued February 20, 1928; decided March 27, 1928.)

APPEAL from a judgment, entered November 17, 1927, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

*Joseph Sterling* and *Aaron Lipper* for appellant. Waiver of a rescission is a matter of intention and the question of the rescinding party's intention is an issue of fact for the jury. (*Clark* v. *Kirby*, 243 N. Y. 295; *Alsens A. P. C. Works* v. *Degnon Cont. Co.*, 222 N. Y. 34; *Whipple* v. *Prudential Ins. Co.*, 222 N. Y. 39; *Schoenbrun* v. *Tubby*, 225 N. Y. Supp. 290; *Travelers Insurance Co.* v. *Pomerantz*, 246 N. Y. 63; Black on Rescission & Cancellation [1st ed.], § 615; *Lord Construction Co.* v. *Edison Co.*, 234 N. Y. 411; *Harris* v. *Egger*, 226 Fed. Rep. 389.) Acceptance of dividends in the surrounding circumstances without exercise of any other act of dominion was not so inconsistent with plaintiff's declared intention as to constitute an affirmance as a matter of law. (*Weigel* v. *Cook*, 237 N. Y. 136; *Bloomquist* v. *Farson*, 222 N. Y. 375; *Travelers Insurance Co.* v. *Pomerantz*, 246 N. Y. 63; *Genet* v. *Delaware & Hudson Co.*, 170 N. Y. 278; *Joslyn* v. *Cadillac Automobile Co.*, 177 Fed. Rep. 863; *Landis* v. *Wintermute*, 40 Wash. 673; *Davis* v. *Forman*, 229 Mo. 27; Black on Rescission & Cancellation, § 611; *Gravenhorst* v. *Zimmerman*, 236 N. Y. 22; *Shoenbrun* v. *Tubby*, 225 N. Y. Supp. 290; *Matter of Young* v. *Crescent Development Co.*, 240 N. Y. 244.)

*Jay Leo Rothschild* for Joseph Manzella, *amicus curiæ.*

*A. O. Dawson*, *W. W. Ahrens* and *J. K. Watson* for respondent. By accepting and retaining dividends on

the stock involved in this action after the commencement of the action the plaintiff, as a matter of law, ratified his purchase of the stock. (*Clark* v. .*Kirby*, 243 N. Y. 295; *Schenck* v. *State Line Telephone Co.*, 238 N. Y. 308; *Harris* v. *Egger*, 226 Fed. Rep. 389; *Alsens A. P. C. Works* v. *Degnon Contr. Co.*, 222 N. Y. 34; *Whipple* v. *Prudential Insurance Co.*, 222 N. Y. 39; *Lord Construction Co.* v. *Edison Portland Cement Co.*, 234 N. Y. 411; *McNaught* v. *Equitable Life Assur. Society of U. S.*, 136 App. Div. 774; *Cobb* v. *Hatfield*, 46 N. Y. 533; *Davis* v. *Levering*, 168 App. Div. 78; *Corporation Funding & Finance Co.* v. *Stoffregen*, 264 Penn. St. 215.) The plaintiff by failing at the time of his alleged rescission to tender the return of the dividends received by him during the period that he held the stock, while demanding the return of the entire purchase price, failed to make a complete tender of restoration of all the benefits received by him under the contract of sale and so failed to show a complete rescission, and judgment for the defendant has, therefore, properly been granted. (*Vail* v. *Reynolds*, 118 N. Y. 297; *Price* v. *Stout*, 84 App. Div. 334; *Gould* v. *Cayuga County Nat. Bank*, 86 N. Y. 75; *Loomis* v. *Pease*, 234 Mass. 101; *Marten* v. *Burns Wine Co.*, 99 Cal. 355.)

O'BRIEN, J. Plaintiff purchased stock in defendant corporation under such circumstances as amount, so he alleges, to misrepresentation and fraud. For a short time dividends were disbursed but then their payment was suspended. He rescinded his contract of purchase, tendered return of his stock and brought this action at law on his rescission to recover the purchase price. After the institution of the action, payment of dividends was temporarily resumed and plaintiff accepted and retained them. In his reply to the supplemental answer he alleges that such moneys were fraudulently paid out of capital and that he accepted them not as dividends but as a partial return of the purchase price of the stock

and that upon the trial he would offer them as credit to defendant. Evidence tends to prove that before the resumption of dividends a representative of plaintiff and of other stockholders notified some of defendant's officers that dividends had not been earned, that if declared they could be paid only out of capital and that he would advise stockholders, including plaintiff, to accept them not as such but as moneys on account to reimburse them partially for their losses on purchase of their stock. It tends further to show that plaintiff was so advised by this representative and that he did not regard the dividend checks, although they were plainly labeled as such, as anything more than partial restitution of money which he claims had been stolen from him. The fact is that, after the rejection of his tender of the stock and after the institution of this action he accepted and cashed these dividend checks and retained their proceeds until he credited them to defendant on the trial. Plaintiff's judgment, entered upon the verdict, was reversed and the complaint dismissed. The reason stated by the Appellate Division for reversal is that, by the acceptance and retention of the dividends, plaintiff treated the contract as in existence and so defeated his claim of rescission. We agree with the result.

The rule is thoroughly established that an assertion of a rescission is nullified by the subsequent acceptance of benefits growing out of a contract claimed to have been rescinded. This rule is specially applicable to contracts for the purchase of stock claimed to have been fraudulently sold. When, with knowledge of the facts, the purchaser accepts dividends, he will be held to have waived the fraud and to have ratified his purchase. (Black on Rescission [1st ed.], sec. 347.) He cannot by words cancel his contract and then continue to assert rights and benefits under it. (*Gravenhorst* v. *Zimmerman,* 236 N. Y. 22, 38.) Declarations of rescission followed by acts which negative them must be regarded in such

a light as to require the inference of an abandonment of the declared act. Generally, the issue is one of fact, whether the commission of certain acts shows an intent to waive a rescission. (*Whipple* v. *Prudential Ins. Co.*, 222 N. Y. 39, 46; *Gravenhorst* v. *Zimmerman, supra; Clark* v. *Kirby*, 243 N. Y. 295, 302.) Waiver is rarely established as a matter of law but an intent contrary to apparent acts must be disclosed. A duty to speak is imperative as matter of law where conduct, accompanied by silence, would be deceptive and beguiling. (*Lord Const. Co.* v. *Edison P. C. Co.*, 234 N. Y. 411, 416.) Intent can not remain concealed in one's bosom with the expectation that such a mental reservation can become the decisive factor in litigation. It must be communicated. Sometimes words are sufficient but when the intent is to reaffirm a rescission it must be manifested by some act consistent with the idea of rescission. When the acts performed are inconsistent with the claim of repudiation then there is an election to confirm and adopt the contract but when these acts are trivial in comparison with the entire subject-matter of the transaction, they will not be held as matter of law to amount to a confirmation of the contract. (*Weigel* v. *Cook*, 237 N. Y. 136, 140, 141.) One claiming fraud may rescind his purchase and sue to get his money back, or he may keep his purchase and sue to recover damages for fraud. He cannot do both. (*Clark* v. *Kirby, supra.*) In an action in equity for a rescission of a purchase of bonds, the coupons may be cashed for the benefit of the party against whom the action is brought (*Bloomquist* v. *Farson*, 222 N. Y. 375, 381), for then the act is not inconsistent with the plaintiff's position. In such an action, he has not pretended to rescind. He brings the action for that express purpose. *Kley* v. *Healy* (127 N. Y. 555) does not touch the situation. One who has been defrauded may be excused in certain circumstances from the tender of money. A common instance is where the amount so

paid is one that might be retained in any event irrespective of the outcome of the litigation. (3 Williston, Contracts, 1530; *Brocklehurst & Potter Co.* v. *Marsch*, 225 Mass. 3, 10.) The rule has relation to the formality of tender preceding or accompanying the announcement of rescission. It does not mean that even after rescission has been announced and the time for tender has gone by, the victim of the fraud may continue to deal with the subject-matter of the transaction as if it were his own. There is then a ratification by conduct irrespective of his professions. (*Brown* v. *Foster*, 108 N. Y. 387, 391; *Schenck* v. *State Line Tel. Co.*, 238 N. Y. 308, 313.) When moneys are paid as dividends, a shareholder is not at liberty to avoid the effect of his acceptance by a notice not assented to by the company that he will take them as something else. (*Fuller* v. *Kemp*, 138 N. Y. 231, 238.)

Plaintiff's intention to retain the dividends is plain. His complaint and his silence for years removes the question of intent from the domain of the jury. He rescinded his contract and tendered return of the stock in August, 1923. He received his first dividend after rescission in October and did not verify his complaint until November 22. In that pleading he alleges payment of $9,080 for his stock and the relief which he demands is a judgment for $9,080. No allegation or mention is made of receipt by him of any money, either in the form of dividends or otherwise, subsequent to his rescission and, consequently, no offer to credit them to defendant. He received other dividends as late as October, 1925. The supplemental answer was not served until nearly three years after the verification of the complaint, and not until the reply to that answer did plaintiff disclose any intent to look upon the dividends as anything except dividends nor did he before that time express a disposition to credit them to defendant on the trial. Defendant cannot be bound by the threat made by one who represented or claimed to represent

a large body of stockholders. Plaintiff's attitude for years was apparently so perfectly free from ambiguity that no question of fact exists. His retention of the dividends paid to him subsequent to his discovery of the alleged fraud and subsequent to the institution of his action on rescission must be held as matter of law to constitute an abandonment of rescission and a reaffirmation of the contract.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J. (concurring). I concur in the conclusion that the plaintiff ratified the purchase by the acceptance of the dividends.

Our decision will, however, be misleading unless a question which may seem to be here, but which is excluded by the record, is explicitly reserved.

The question is not here whether equitable jurisdiction in cases of accident or mistake is broad enough to give relief against a ratification by conduct that is merely thoughtless or inadvertent (cf. *Standard Oil Co. v. Hawkins,* 74 Fed. Rep. 395, 399; *Adair v. Brimmer,* 74 N. Y. 539, 554; *Trustees, etc., v. Bowman,* 136 N. Y. 521). Without asserting at this time that such jurisdiction exists, I am unwilling by anything now said to negate or discredit it. For the purpose of this appeal, I prefer to assume that relief will be granted against the consequences of mistake, whether it be characterized as one of fact or law, if there was lacking an intent to ratify, if the absence of this intent was obvious to the other party to the transaction, if no prejudice will be wrought by undoing the apparent choice and if discovery of the mistake is followed by a prompt return of any benefits received (3 Williston, Contracts, § 1591). On the record before us, not all these conditions can be held to have been satisfied. The plaintiff has not tendered a return of the dividends collected *pendente lite,* and he has not shown that his conduct will not prejudice the defendant. He does not

effect the needed readjustment by a mere credit of the payments in reduction of the verdict. With the defendant insolvent and in the hands of a receiver, the allowance of such a credit is the allowance of a preference, for the moneys, if returned, would be assets belonging to the defendant in which all the creditors would share. There has been a failure to supply the data upon which an equitable readjustment could be accomplished, if the other conditions essential to relief against mistake were taken as established.

The judgment should be affirmed with costs.

POUND, CRANE, ANDREWS, LEHMAN and KELLOGG, JJ., concur with O'BRIEN, J.; CARDOZO, Ch. J., concurs in memorandum in which all concur:

Judgment affirmed.