ANTHONY L. WALTER, Appellant, v. FRANK W. LAIDLAW et al., Respondents.

(Argued June 5, 1928; decided July 19, 1928.)

*Gardner Le Roy* for appellant. The making and executing of the contract was in full liquidation and payment of all sums due to defendants Frank W. Laidlaw and Leo G. Laidlaw. (*Walters* v. *Travis*, 9 Johns. 450; 30 Cyc. 1185; *Brewster* v. *Baker*, 16 Barb. 613.) The Statute of Frauds does not apply in the case at hand. (*Thompson* v. *Dickinson*, 12 N. Y. 364; *Remington* v. *Palmer*, 62 N. Y. 31.)

*Ellsworth Baker* for Leo G. Laidlaw, respondent. The case is one in which specific performance should not be granted. (*Sherman* v. *Wright*, 49 N. Y. 227; *Miles* v. *Dover Furnace Co.*, 125 N. Y. 294; *Clark* v. *Rochester Ry. Co.*, 18 Barb. 350.)

*George L. Cooke* and *Abram F. Servin* for respondents. The execution of the contract by Leo, even though it be held to apply to the entire property, could and did not affect Frank's interest, nor did his presence or acts create an estoppel. *(Lyman* v. *Abeel,* 16 Johns. 30; *Edwards* v. *Bishop,* 4 N. Y. 61; *McLean* v. *McLean,* 96 N. Y. 652; *Brustman* v. *Motrie,* 118 App. Div. 395; *Driscoll* v. *Brooklyn Union El. Co.,* 89 App. Div. 120; *Baker* v. *Mut. Life Ins. Co.,* 43 N. Y. 283; *Jewett* v. *Miller,* 10 N. Y. 402; *Gen. Constr. Co.* v. *Jones,* 61 App. Div. 553.) There being no written contract with Frank Laidlaw, the agreement of 1922 cannot be enforced against him. (Real Prop. Law, § 242; *McCrary* v. *Day,* 119 N. Y. 1.) Plaintiff cannot recover for failure to carry out the terms of the contract because he knew when he entered into it that this defendant and the defendant Leo G. Laidlaw each owned an undivided one-half of said premises subject to the inchoate rights of dower of their respective wives. (Wald's Pollack on Contracts [3d ed.], 665; *Eickroot* v. *Powers,* 17 N. Y. Supp. 137; *Knox* v. *Spratt,* 23 Fla. 646; *Peeler* v. *Levy,* 26 N. J. Eq. 330; *Lucas* v. *Scott,* 41 Ohio St. 636; *Maw* v. *Topham,* 19 Beav. 576; *Fairhead* v. *Southee,* 2 Week. Rep. 739; *Moore* v. *Lutjeharmis,* 91 Neb. 548; *Winner* v. *Reynolds,* 6 Paige, 407.)

CARDOZO, Ch. J. The facts are complicated if followed in all their details. We state them with omissions, but with accuracy sufficient to present the legal problem.

In January, 1919, plaintiff agreed to buy and the defendants Laidlaw to sell a farm of about fifty-seven acres in Sullivan county. The total price was to be $4,000, of which $500 was to be paid at once, $300 on September 1, 1919, and the rest in annual installments of about $300 spread over a period of ten years with interest on all amounts unpaid. A mortgage of $1,300, already on the land, was assumed by Leo Laidlaw.

Plaintiff was to be let into possession on the execution of the contract, and when his payments were completed was to have a deed with full covenants.

On July 5, 1922, the amount yet unpaid was $3,156.47. Many years would have to pass before the deferred installments would mature. The Laidlaws thought they saw a way of helping themselves to ready cash. Word had come to them from the plaintiff that one Goldberg was willing to pay $4,000 for part of the farm, a tract of eight acres. If the Laidlaws could buy back this tract, they might resell it at a profit. A contract was, therefore, made between plaintiff and Leo Laidlaw for the resale of the eight acres, the deed to be accepted in full payment of the balance of $3,156.47 due or to grow due to the Laidlaws jointly as the price of the whole farm. Frank Laidlaw was not a party to the new contract, but it was made at his request and with his knowledge. There were judgments of record against him which made it inadvisable that the title be put into his name. The evidence makes it clear that he was to share with his brother in the profits of a later sale to Goldberg or another.

This action is brought for the specific performance of the several contracts stated. The court is asked to direct a conveyance to the plaintiff of the farm of fifty-seven acres upon his delivery to Leo Laidlaw of a deed of the eight-acre tract. It is asked to decree that the deed so made will be in full payment of any moneys due or to grow due to the Laidlaws jointly. There is a prayer for incidental relief in respect of liens and incumbrances.

The trial judge found that the contract of resale did not call for the extinguishment of the full sum of $3,156, the balance owing for the farm, but only for the extinguishment of so much of that sum as would belong to Leo personally. This meant that the plaintiff was in default, for installments, unless canceled, were already overdue.

The rights and interests of the parties were adjudged upon that basis by an intricate decree which directed the sale at public auction of the entire farm with distribution of the proceeds according to the equities declared. The case is here upon the plaintiff's appeal.

We find no basis for the holding that a resale of the eight acres was to satisfy only a part, *i. e.*, the share belonging to Leo, of the price unpaid upon the farm. The contract is explicit that the price shall be satisfied altogether. Its terms are not ambiguous, but if they were, the signpost of the surrounding circumstances would point the same way. The resale, whatever its form, was in truth for the benefit of one brother as much as for that of the other. Each was to share the burdens as he was also to enjoy the benefits.

We think the Statute of Frauds does not stand in the way of a decree for specific performance against Frank as well as Leo. True, indeed, it is that the contract of resale was signed by Leo only. By that contract he undertook to procure the satisfaction of the whole debt in return for the eight acres. In thus contracting, he became bound to supply whatever moneys might be necessary to make his covenant effective. If he could not get from his co-owner a voluntary release, he would have to pay what was due, or put the plaintiff in funds to an equivalent extent. But as between Frank and Leo, such a payment would result in inequity to Leo. The contract to procure a satisfaction of the debt had been made at Frank's request. If the share due to Frank were to be paid by the plaintiff out of moneys supplied by Leo, the latter might recover them from Frank, with the result that they would travel back where they had started. Circuity of action is avoided when Frank is required to acknowledge satisfaction, and join with his coadventurer in the execution of a deed.

A point has been made as to inchoate rights of dower. The Laidlaws are married, but the record contains a

statement that releases of dower will be given. If such releases are refused, there must be appropriate compensation. Ordinarily, such compensation would take the form of a deduction from the cash payments thereafter to be made (*Feldman* v. *Lisansky*, 239 N. Y. 81). Here there are no such payments, for land is to be accepted as a substitute for cash. In the contingency of a refusal of releases, the plaintiff will be entitled to a personal judgment against the sellers of the farm for the value of the unextinguished dower rights computed in the usual way.

A counterclaim asserting fraud in the procurement by the plaintiff of the contract of resale, and praying for rescission, is set up by Leo Laidlaw. He says that he became a party to that contract upon a false representation by the plaintiff that one Goldberg had made an offer of $4,000 for a conveyance of the tract. The trial judge found that the plaintiff made the representation, which by concession was an untrue one, and that Leo Laidlaw relied upon it. Rescission was refused, however, upon the ground that the contract was thereafter ratified with knowledge of the truth. The significance of silence or inaction after discovery of a fraud is too uncertain and variable to be compressed within a formula. It is to be determined by the trier of the facts in the light of all the circumstances. Something less than fraud in the strict sense may justify the refusal of a discretionary remedy. As to this branch of the case a new trial may be helpful in uncovering the truth.

The judgment of the Appellate Division and that of the Special Term should be reversed and a new trial granted with costs to abide the event.

POUND, CRANE, ANDREWS, LEHMAN and O'BRIEN, JJ., concur; KELLOGG, J., not sitting.

Judgments reversed, etc.