**GENERAL PENCIL COMPANY,**
Plaintiff,

v.

**GEORGE N. KAHN COMPANY, Inc.,**
Defendant.

United States District Court
S. D. New York.

Sept. 24, 1965.

Goodell, Moss, Rose & Laitman, New York City, Ernest L. Mathews, Jr., New York City, of counsel, for plaintiff.

Sylvester, Harris & Burstein, New York City, for defendant.

LEVET, District Judge.

The above-entitled plaintiff has moved for an order of this court to obtain leave to deposit with the court certain sums of money accrued and hereafter to accrue under a written contract which is the subject of litigation in this court. This litigation is an action brought by plaintiff for a declaratory judgment with respect to this contract between plaintiff and defendant dated June 20, 1963. Under this contract defendant was designated exclusive sales agent for plaintiff in New York City and in other areas. The plaintiff seeks a judgment that defendant had breached the contract in material respects and that thereby plaintiff was absolved from further liability to make payments for services of defendant under said contract.

The action was commenced on June 17, 1965. The defendant appeared and answered on August 3, 1965; the answer contains certain counterclaims to which plaintiff has not yet replied.

The agreement, among other things, provided that plaintiff pay to defendant commissions on all sales of plaintiff's ball point pens and refills made by plaintiff in the exclusive territory during the term of the agreement whether such sales were made by defendant's agents or efforts or exclusively by plaintiff's agents and efforts.

Plaintiff seeks to deposit with the court all sums which by the terms of the contract it would be required to pay to defendant if the contract were effective and in force.

Counsel for plaintiff states that he believes it would be highly inequitable for the defendant to continue to receive regularly from plaintiff monies based on sales made by plaintiff when the defendant has allegedly abandoned all its obligations to plaintiff to effect sales of plaintiff's products and further has actively engaged in open competition with plaintiff.

Plaintiff's attorney further states that he believes the defendant has no valid claim to any part of the monies accrued or to accrue hereafter until a determination of this action and that defendant has no interest in said monies. However, plaintiff wishes to deposit the monies in court so that no claim can be made by defendant that by failure to pay the same the plaintiff has breached the contract with defendant.

The plaintiff asks for this deposit under Rule 67 of the Federal Rules of Civil Procedure. This rule is as follows:

"Rule 67. Deposit in Court

"In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of such sum or thing. Money paid into court under this rule shall be deposited and withdrawn in accordance with the provisions of Title 28, U.S.C., §§ 2041, and 2042; the Act of June 26, 1934, c. 756, § 23, as amended, (48 Stat. 1236, 58 Stat. 845), U.S.C. Title 31, § 725v; or any like statute."

The defendant contends that the plaintiff's application to deposit should be denied by reason of the fact that plaintiff fails to disclaim interest in the monies it desires to deposit.

The complaint in this action asks for a declaratory judgment not for a sum of money, but, rather, in the first instance for a declaration that certain terms were expressly and by implication of law and fact agreed to by defendant (par. 8), secondly, that defendant has breached the said agreement, thirdly, that thereby plaintiff is released.

The only other relief requested which might possibly be construed to seek the disposition of a sum of money is the *re-*

*quest for deposit* contained in Section B of the prayer for relief. I am inclined, therefore, to hold that this prayer does not meet the requirements of Rule 67. Counterclaims by defendant to the total amount of some $244,000 are asserted in the answer.

The request made in the prayer for relief is merely the equivalent of the motion to deposit here made. It is not a substantive portion of a prayer for relief but, rather, a request for protective action.

As stated in Dinkins v. General Aniline & Film Corporation, 214 F.Supp. 281 (S.D.N.Y.1963): "The present case is neither one of interpleader nor of tender of an undisputed sum." (p. 283) In fact, plaintiff does not concede it owes anything. As stated by Judge McLean of this court in the case just cited:

> " * * * The defendant apparently hesitates to take a step which logically would be consistent with the position it has taken in its answer. It wishes to defer decision, and by depositing the money in court, to preserve all its rights under the contract and to avoid the risk of a breach of contract on its part if its position should turn out to be wrong. The result, of course, would be to deprive plaintiff of the use of the money pending the final determination of this action, even though the final determination may be that plaintiff did not break the contract and hence was entitled to the money all along. There is nothing in the history of Rule 67 or in the decisions construing it which suggests that it was designed to afford to a defendant an opportunity to deprive a plaintiff both of the benefits of his contract and of a right of action for its breach. * * * " (p. 283)

Here we would be compelled to substitute the word "defendant" for "plaintiff" and "plaintiff" for "defendant."

The facts in this action make Rule 67 inapplicable. The motion is denied.

Settle order on notice.