■      HENRY M. GRUBEL, Appellant, v UNION MUTUAL LIFE INSURANCE COMPANY, Respondent, et al., Defendant.—In an action *inter alia* to direct that the Union Mutual Life Insurance Company cease making payments to defendant De Mian pursuant to an agreement, on the ground that plaintiff made the said agreement under duress, plaintiff appeals from an order of the Supreme Court, Nassau County, dated April 26, 1976, which granted the insurer's motion for summary judgment. Order affirmed, with $50 costs and disbursements. The plaintiff has not shown any issues of fact which require a trial. Actions, not motives, must cause economic duress. The issues raised by the plaintiff refer only to motives and are, therefore, immaterial and do not require a trial. The actions of the respondent do not constitute economic duress. There has been no showing of a wrongful threat which precluded the plaintiff's exercise of free will (see *Austin Instrument v Loral Corp.,* 29 NY2d 124). The respondent owed no legal obligation to either the plaintiff or to the Brookdale Hospital Medical Center to accept the tax shelter annuity as proposed by the plaintiff. Similarly, a refusal by the respondent would not cast any liability upon the plaintiff. There was also no obligation to pay the plaintiff any particular percentage of the commissions. That was to be worked out by separate agreement, and it is here that the plaintiff agreed to accept 50% of the commissions, rather than risk losing the entire contract. Financial pressures, even in the context of unequal bargaining power, do not constitute economic duress. In this case there is an express contract, the "Broker's Single Case Group Annuity Commission Agreement", which is plain and unambiguous. The plaintiff is bound by the terms of this agreement and cannot seek a recovery based upon an implied contract covering the same subject matter (see *Abinet v Mediavilla,* 5 AD2d 679). The plaintiff ratified the separate commission agreement by accepting benefits under its express terms for more than two years before commencing this action. Having failed to act promptly, he is deemed to have affirmed the contract and waived any action sounding in economic duress (see *Port Chester Elec. Constr. Corp. v Hastings Terraces,* 284 App Div 966). There has been no showing of a conspiracy between the defendants, except that De Mian received 50% of the commissions from the Brookdale Hospital Medical Center contract. This is insufficient to show a conspiracy and is not relevant to the causes of action against the respondent. Having already determined that there is no actionable economic duress, the fact that another party may have acted in concert with the respondent, or that the other party prospered from the agreement between the respondent and the plaintiff, is insufficient to support a cause of action (see *Simon v Noma Elec. Corp.,* 293 NY 171). Cohalan, Acting P. J., Margett, Damiani, Shapiro and Titone, JJ., concur.