◼ HARRY B. THIVES, Respondent, v HOLMES AMBULANCE SERVICE CORP., Appellant.—In an action by a former employee of the defendant to recover damages for breach of a purported agreement and for the value of tools owned by him which were stolen from the defendant's place of business, defendant appeals from an order of the Supreme Court, Kings

County, entered September 27, 1979, which denied its motion to dismiss the complaint, pursuant to CPLR 3211, on the grounds, *inter alia,* that it failed to state a cause of action or, alternatively, that the causes of action stated were barred by the Statute of Frauds. Order modified, on the law, by adding thereto, after the word "denied", the following: "with respect to plaintiff's third cause of action, but is otherwise granted with respect to plaintiff's first and second causes of action." As so modified, order affirmed, without costs or disbursements. Plaintiff contends that the parties entered into a written agreement under which he was to be employed for two years, at the end of which time certain tools, purchased by defendant after plaintiff's were stolen, were to be turned over to him. The relevant terms of the document which is relied on by plaintiff as constituting the agreement between the parties and is annexed to his complaint are unambiguous and cannot be reasonably interpreted as setting forth the contract alleged by him. Moreover, an agreement by defendant to employ plaintiff for two years and to turn over tools to him after that period of time would have to have been evidenced by a writing "subscribed" by defendant in order to avoid the Statute of Frauds contained in section 5-701 (subd a, par 1) of the General Obligations Law. Since the document in question was not "subscribed" within the meaning of that provision, the agreement purportedly evidenced by the document is not enforceable. Although plaintiff relies on the doctrine of part performance in an attempt to avoid the Statute of Frauds, it is sufficient to note that the acts cited by him as constituting such performance are not "unequivocally referrable" to the alleged agreement (see *Geraci v Jenrette,* 41 NY2d 660, 666). For these reasons, plaintiff's first and second causes of action must be dismissed. However, plaintiff's third cause of action should not be dismissed at this juncture. Plaintiff alleges therein that defendant, his former employer, is liable for failing to keep his tools safely and securely at defendant's premises, with the result that the tools were stolen. On appeal, defendant urges the dismissal of this cause of action solely on the ground that the document relied on by plaintiff to establish his first two causes of action also contains a valid release, executed by plaintiff, which relieves defendant of all responsibility for the loss of plaintiff's tools. While plaintiff contends that "If there is no agreement, there is no release", we note that the validity of the release is not dependent on whether the remainder of the document constitutes a contract between the parties (see General Obligations Law, § 15-303). While the release by its terms would appear to bar plaintiff's third cause of action, a release may be avoided on the grounds of duress, illegality, fraud or mutual mistake *(Mangini v McClurg,* 24 NY2d 556). Although plaintiff's affidavit in opposition to the motion to dismiss does not make out a claim of economic duress (see *Muller Constr. Co. v New York Tel Co.,* 40 NY2d 955; *Grubel v Union Mut. Life Ins. Co.,* 54 AD2d 686), it does suggest that he may have been fraudulently induced into executing the release out of a belief that its effect was conditioned on his continuing to be employed by defendant for two years and his receiving, at that time, the tools purchased by defendant after his were stolen. Accordingly, dismissal of plaintiff's third cause of action is not warranted at this juncture. Gibbons, J. P., Gulotta, Margett and Martuscello, JJ., concur.