**BRIDGING COMMUNITIES, INC., a Michigan corporation, and Gamble Plumbing & Heating, Inc., a Michigan corporation, Plaintiffs,**

**v.**

**TOP FLITE FINANCIAL, INC., Defendant.**

**Case No. 09–14971**

United States District Court, E.D. Michigan, Southern Division.

Signed April 6, 2016

Brian J. Wanca, Ryan M. Kelly, Anderson & Wanca, Rolling Meadows, IL, Jason J. Thompson, Jesse L. Young, Sommers Schwartz, P.C., Southfield, MI, Phillip A. Bock, Tod A. Lewis, Bock & Hatch LLC, Chicago, IL, for Plaintiffs.

Karen A. Smyth, Shawn Y. Grinnen, Lipson, Neilson, Bloomfield Hills, MI,

Mark E. Phillips, Peseski & Associates, Troy, MI, for Defendant.

*MEMORANDUM AND ORDER GRANT-ING DEFENDANT'S MOTION FOR IMMEDIATE CONSIDERATION (DOC. 96) AND DENYING DEFEN-DANT'S MOTION FOR LEAVE TO DEPOSIT FULL SETTLEMENT OFFER AND/OR FULL PAYMENT OF MONEY JUDGMENTS WITH THE COURT (DOC. 97).* [1]

AVERN COHN, UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This is a Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, case. Plaintiffs Bridging Communities, Inc. (Bridging) and Gamble Plumbing & Heating, Inc. (Gamble) [2] filed a putative class action against Defendant Top Flite Financial, Inc. (Top Flite) for violations of the TCPA. The TCPA makes it unlawful "to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C). Plaintiffs say Top Flite violated the TCPA by sending unsolicited facsimile advertisements to Plaintiffs and a class of 4,271 similarly-situated persons in March 2006.

Now before the Court are two motions:

- (1) Top Flite's Motion for Immediate Consideration Pursuant to Fed. R.Civ.P. 7(B) and the Court's Inherent Authority of Defendant's Motion for Leave to Deposit Full Settlement Offer and/or Full Payment of Money Judgments with the Court Pursuant to Fed.R.Civ.P. 67; 28 U.S.C. § 2041 and 28 U.S.C. § 2042 (Doc. 96); and

- (2) Top Flite's Motion for Leave to Deposit Full Settlement Offer and/or Full Payment of Money Judgments with the Court Pursuant to Fed. R.Civ.P. 67; 28 U.S.C. § 2041 and 28 U.S.C. § 2042 (Doc. 97).

Top Flite's Motion for Immediate Consideration (Doc. 96) is GRANTED and its Motion for Leave to Deposit Full Settlement Offer and/or Full Payment of Money Judgments with the Court (Doc. 97) is DENIED.

## II. BACKGROUND

### A. Factual Background

#### 1. The Parties

Bridging is a collaboration of local businesses, residents, social service and faith-based organizations. Gamble is a Michigan corporation. Top Flite is a provider of residential mortgage loans.

#### 2. Business to Business Solutions

Business to Business Solutions (B2B) was a fax broadcasting business located in Brooklyn, New York from August 2005 to September 2007. B2B purchased a database from InfoUSA which included names, addresses, contact persons, zip codes, and fax numbers for multiple U.S. companies. B2B never contacted the businesses on the list to seek their permission to send them fax advertisements. Nevertheless, B2B began broadcasting fax advertisements for clients using the InfoUSA list to target specific companies based on their location and type of business.

#### 3. Top Flite Hired B2B to Send Unsolicited Fax Advertisements

In March 2006, Top Flite hired B2B to do a fax advertisement broadcast advertising campaign. B2B successfully sent Top

---

1. Upon review of the papers, the Court deems this matter appropriate for decision without oral argument. See Fed.R.Civ.P. 78(b); E.D. Mich. LR 7.1(f)(2).

2. Collectively "Plaintiffs" where appropriate.

Flite's fax advertisement to 4,271 unique fax numbers. Specifically, the B2B records show that Top Flite's advertisement was successfully sent to both Plaintiffs' fax machines.

## B. Procedural Background

On December 22, 2009, Bridging filed a class action suit against Top Flite. (Doc. 1). Top Flite moved to dismiss, arguing lack of federal subject matter jurisdiction for TCPA claims. (Doc. 5). A predecessor judge granted Top Flite's motion and dismissed the case. (Doc. 13). Bridging appealed. (Doc. 16). The Sixth Circuit reversed and remanded based on *Charvat v. EchoStar Satellite, LLC*, 630 F.3d 459, 463–65 (6th Cir.2010), which held there is federal subject matter jurisdiction for TCPA claims.

Upon remand, the court stayed the case pending the Supreme Court's decision in *Mims v. Arrow Fin. Servs., LLC*, 421 Fed. Appx. 920 (6th Cir.2010); *cert. granted,* 564 U.S. 1036, 131 S.Ct. 3063, 180 L.Ed.2d 884 (2011). The Supreme Court reached the same conclusion as in *Charvat*, and the court lifted the stay. (Doc. 22; *Mims v. Arrow Fin. Servs., LLC,* —— U.S. ——, 132 S.Ct. 740, 181 L.Ed.2d 881 (2012)).

On August 13, 2012, Top Flite filed a second motion to dismiss arguing that Michigan law prohibited Bridging's TCPA claims and barred class actions for such claims. (Doc. 37).

On October 15, 2012, Bridging filed a motion for class certification. (Doc. 47).

On January 17, 2013, the court denied Top Flite's second motion to dismiss. (Doc. 61).

While Bridging's lawsuit was pending, counsel for Bridging filed a complaint in federal court on behalf of Gamble, individually and on behalf of the same putative class that Bridging's suit sought to protect,[3] Gamble filed a motion for class certification. Top Flite filed a motion to consolidate or dismiss for sanctions. Top Flite's motion went unopposed and the court consolidated Bridging and Gamble's separate class action complaints against Top Flite. (Doc. 63).

On June 3, 2013, the court denied Plaintiffs' motion for class certification. (Doc. 65). The court found that Plaintiffs failed to meet their burden to move the case forward on a class-action basis under Fed. R.Civ.P. 23(b) and that individualized issues predominated over common issues thus making the case not appropriate or manageable for class treatment. The Court of Appeals denied Plaintiffs' request for an interlocutory appeal. (Doc. 66).

On February 10, 2014, Top Flite made offers of judgment under Fed.R.Civ.P. 68 as to each plaintiff in the amount of $1,550.00. (Doc. 70, Ex. C & D). Each plaintiff allowed more than 14 days to pass without accepting the offer, so each offer was withdrawn. (Doc. 70; Fed.R.Civ.P. 68(a), (b)).

On March 6, 2014, Top Flite filed a third motion to dismiss based on its Rule 68 offers. (Doc. 70) and moved to stay discovery (Doc. 71). Plaintiffs opposed the motions (Docs.72, 73). While the motions to dismiss and to stay discovery were still pending, Top Flite moved for summary judgment. (Doc. 77). Plaintiffs opposed this motion as well. (Doc. 79).

On February 12, 2015, the case was reassigned. Over Plaintiffs' objections, the Court granted Top Flite's motion to dismiss based on Top Flite's Rule 68 offers. (Doc. 91). On that same date, the Court entered separate judgments in the amount of $1,550 each for Bridging and Gamble. (Docs.92, 93). Plaintiffs filed a Notice of Appeal. (Doc. 94).

---

**3.** Case No. 12–13902.

Four orders are currently before the Sixth Circuit. (Doc. 94). The appeal has been fully briefed and awaits disposition. The orders on appeal are: (1) the Opinion and Order Denying Bridging's Motion for Class Certification (Doc. 65); (2) the Order Granting Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and/or Mootness under Fed.R.Civ.P. 12(b)(1) (Doc. 91); (3) the $1,550 Judgment entered in favor of Bridging (Doc. 92); and (4) the $1,550 Judgment entered in favor of Gamble (Doc. 93).

More than a month after Plaintiffs filed the Notice of Appeal, Top Flite tendered a checks to each plaintiff for $1,550. (Doc. 97, Ex. C).The checks were not cashed and were returned to Top Flite's counsel. (Doc. 97, Ex. D).

Top Flite now requests leave to deposit the $1,550 for each plaintiff with the Court pursuant to Fed.R.Civ.P. 67, 28 U.S.C. § 2041, and 28 U.S.C. § 2042 and to have the Clerk note in the record that each judgment has been satisfied. (Docs. 96 & 97).

## III. LEGAL STANDARD

Fed.R.Civ.P. 67 provides:

(a) Depositing Property. If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party— on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

(b) Investing and Withdrawing Funds. Money paid into court under this rule must be deposited and withdrawn in accordance with 28 U.S.C. §§ 2041 and 2042 and any like statute. The money must be deposited in an interest-bearing account or invested in a court-approved, interest-bearing instrument.

28 U.S.C. § 2041 provides:

All moneys paid into any court of the United States, or received by the officers thereof, in any case pending or adjudicated in such court, shall be forthwith deposited with the Treasurer of the United States or a designated depositary, in the name and to the credit of such court.

28 U.S.C. § 2042 provides:

No money deposited under section 2041 of this title shall be withdrawn except by order of court. In every case in which the right to withdraw money deposited in court under section 2041 has been adjudicated or is not in dispute and such money has remained so deposited for at least five years unclaimed by the person entitled thereto, such court shall cause such money to be deposited in the Treasury in the name and to the credit of the United States. Any claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him.

## IV. ANALYSIS

In support of its motions, Top Flite argues that it is unreasonable for Plaintiffs to refuse the payment of the money judgments because of the pending appeal before the Sixth Circuit. First, according to Top Flite, the only issue raised in Plaintiffs' appellant brief concerns the issue of denial of class certification.[4] The motions

---

4. Doc. 96, Ex. A: Appellants' Issue Presented: Did the district court err by holding TCPA claims for the transmission of unsolicited fax advertisements can never be certified as class actions because it is theoretically possible that some unidentified hypothetical class member might have given prior express permission to receive the ads even though the defendant

before the Court do not concern the class certification issue. Thus, the Court possesses the authority to entertain the motions. Moreover, if immediate consideration of the substantive motion is not granted and payment of the judgments into the Court Clerk is not permitted, interest will continue to run on the judgments, the judgments will expose Top Flite to invasive collection attempts, and the outstanding judgments will unreasonably impose other negative ramifications on Top Flite's business.

In contrast, Plaintiffs say that Top Flite's motions are both procedurally and substantively improper because they are based on a false premise—that Plaintiffs' appeal before the Sixth Circuit only concerns class certification. Both the Notice of Appeal and Plaintiffs' appellate briefing challenge entry of the judgments based on Top Flite's unaccepted Rule 68 offers of judgment. The issues raised on appeal are inextricably intertwined. Plaintiffs explain to the Sixth Circuit, "[i]n this case, Top Flite made a Rule 68 offer of judgment to Plaintiffs for individual relief only after class certification was denied. Had the district court properly granted Plaintiffs' motions for class certification, this offer would not have allowed entry of the judgments. Because the district court's denial of class certification should be reversed, so should the Rule 68 judgments it entered later." (Doc. 99, Ex. A, Appellant's Opening Brief at p.49).

 Further, as a general rule, a notice of appeal divests the district court of jurisdiction over the matter forming the basis of the appeal. *N.L.R.B. v. Cincinnati Bronze, Inc.,* 829 F.2d 585, 588 (6th Cir.1987)(citing *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 378–79, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985)). In its motion, Top

Flite concedes as much. (Doc. 96 at ¶ 15). Considering the interlocking issues on appeal, Top Flite cannot argue that the Court no longer has jurisdiction over the judgments. Top Flite's request to deposit the amount of the judgments is an attempt to thwart the appeals process and avoid the appellate review of the judgments and denial of class certification.

Top Flite is improperly using Fed. R.Civ.P. 67 to moot Plaintiffs' standing to continue the appeal of the denial of class certification. Rule 67 is a procedural device that "was only intended to provide a place of safe keeping for disputed funds pending resolution of a legal dispute ... Rule 67 may not be used to effect a legal transfer of property between litigants." *Prudential Ins. Co. of Am. v. BMC Indus., Inc.,* 630 F.Supp. 1298, 1300 (S.D.N.Y. 1986). Plaintiffs must be given an opportunity to pursue class certification before any attempt can be made to end their case by means of individual relief. *Campbell–Ewald Co. v. Gomez,* —— U.S. ——, 136 S.Ct. 663, 672 (2016), *as revised* (Feb. 9, 2016)("Because Gomez's individual claim was not made moot by the expired settlement offer, that claim would retain vitality during the time involved in determining whether the case could proceed on behalf of a class. While a class lacks independent status until certified ... a would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted"). SO ORDERED.

---

admitted it did not get prior permission from any of the class members and offered no

evidence that any class member had ever given permission?