George BLASINI–STERN, Plaintiff,

v.

BEECH–NUT LIFE SAVERS
CORP., Defendant.

Civ. No. 74–1024.

United States District Court,
D. Puerto Rico.

Order Sept. 12, 1975.

On Motion for Leave to Make
Deposit May 7, 1976.

Antonio Zapater-Cajigas, Ponce, P.R., for plaintiff.

Federico Calaf-Legrand, San Juan, P.R., for defendant.

## ORDER

TOLEDO, Chief Judge.

The facts of this case can be summarized as follows: By public deed dated June 12, 1967, the plaintiff and his wife granted a lease to the Federación Puertorriqueña de Cooperativas de Consumo for a period of fifteen (15) years, beginning on March 6, 1967. The real property consisted of a lot located in the ward known as Canas of the City of Ponce, consisting of 6,833.72 square meters. In this lot there exists an industrial building with steel columns, walls of blocks and with a roof of steel beams and aluminum sheets, constructed on a floor base with a total area of 41,289.64 square meters.

Subsequently, the referred lessee changed its name to Cooperativa de Consumidores Unidos de Puerto Rico (hereinafter referred to as Uni-Coop).

By contract dated September 15, 1971, the above mentioned lessee subleased to the defendant, Beech-Nut Life Savers Corp., a part consisting of 4,880 square feet of the building for a term of five years from said date, and for a monthly rental of $650.00, to be paid in advance each month.

During April, 1972, and due to financial difficulties (bankruptcy) of the lessee (sublessor) Uni-Coop, it and plaintiff agreed and resolved to terminate and consider as cancelled the lease contract entered by both parties.

The defendant continued using the premises it had subleased. On January 22, 1974, the defendant notified plaintiff that effective January 1, 1974, its name had been changed to Distribuidora Internacional. During April, 1974, Beech Nut Life Savers Corp. informed the plaintiff of its intention to vacate that portion of the premises which it occupied, as of June 30, 1974, to which the plaintiff objected on the grounds of the existing contract in effect and the obligation of both parties up to September 15, 1976.

Pursuant to Act No. 13 of August 8, 1974 and in view of the fact that there are no clear precedents established by the Highest Court of the Commonwealth of Puerto Rico, this case is hereby certified to the Supreme Court of the Commonwealth of Puerto Rico to determine whether the cancellation of the original lease contract between plaintiff and Uni-Coop made ineffective the sublease contract between Uni-Coop and Beech-Nut Life Savers Corp. or whether it still exists.

The Clerk of the Court is ordered to submit this certification to the Clerk of the Supreme Court of the Commonwealth of Puerto Rico, under the seal of this Court together with an Appendix of the case.

IT IS SO ORDERED.

## ON MOTION FOR LEAVE TO MAKE DEPOSIT

Defendant in the present case seeks to deposit in this Court the sum of $13,650.00, which sum constitutes a rental fee object of the present action. In its motion ". . . For Leave to Make Deposit . . ." filed on February 27, 1976, this party states that "Deposit of the above stated sum is made in order to avoid accrual of interests, should this [. . .] court find for the plaintiffs in the instant case."

Plaintiff has opposed said motion on the basis that the avowed purpose of the deposit—to avoid the accrual of interest—is unavailable in the instant case as a matter of law.

Defendant's attempt to deposit moneys in court is regulated by Rule 67 of the Federal Rules of Civil Procedure, which provides:

"In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of such sum or thing. Money paid into court under this rule shall be deposited and withdrawn in accordance with the provisions of Title 28, U.S.C., § 2041, and 2042; the Act of June 26, 1934, c. 756, § 23, as amended (48 Stat. 1236, 58 Stat. 845), U.S.C. Title 31, § 725v; or any like statute."

Nothing in this rule provides for the stopping of interest accrual upon deposit in court. It should be made clear that we are not dealing here with an offer of judgment or a tender of payment. This is so because defendant, in the above mentioned motion, has specifically stated: "3. This motion for leave to make deposit does not represent, and is not to be understood, in any form whatsoever, as a waiver by Beech-Nut of its rightful and affirmative defenses, as recently set forth in the amended answer to complaint filed herein."

We now turn to the applicable law to consider on what circumstances the deposit of moneys in court can stop the running of interests. The Puerto Rico Civil Code, Title

31, Laws of Puerto Rico Annotated, Section 3180,[1] provides:

"3180. *Tender of payment and consignation.–*

If the creditor to whom the tender of payment has been made should refuse to accept it, without reason, the debtor shall remain released from all liability by the consignation of the thing due.

The same effect shall be produced by the consignation alone when made in the absence of the creditor, or when the latter should be incapacitated to accept the payment when it is due, and when several persons claim to have a right to collect it, or when the instrument mentioning the obligation has been mislaid."

Section 3181 further provides:

"In order that the consignation of the thing due may release the obligor, notice thereof must previously be given to the persons interested in the fulfillment of the obligation.

Consignation shall have no effect when not strictly in accordance with the provisions governing *payment.*"

(emphasis added).

It becomes self-evident that the deposit sought to be made here "to stop the running of interests" is neither an offer of judgment, regulated by Rule 68 of the Federal Rules of Civil Procedure nor a tender of payment, regulated by the portions of the Puerto Rico Civil Code, above cited.

It seems to us that in the present case defendant, very much like Voltaire's "Candide", is seeking the best of all possible worlds. His gesture can not be deemed an offer of judgment because it does not comply with the terms of Rule 68 of the Federal Rules of Civil Procedure. It is not a tender of payment because defendant still clings to its affirmative defenses which are directly relevant to the issue of whether there is in fact an obligation to pay. The tender of payment, as it is envisioned in the Civil Code, supra, presupposes the existence

and recognition by debtor of his duty to pay and his insistence that said duty be extinguished.

Thus, it is inevitable that we conclude that in the present case defendant's deposit in court can not stop the accrual of interests. However, it should be noted that Rule 67 of the Federal Rules of Civil Procedure is broad enough to allow the deposit of said moneys if defendant so wishes, for the sake of safekeeping or other which is not in contradiction with what we have stated today.

Wherefore, in view of the foregoing, defendant's motion for leave to make deposit is hereby denied. Defendant is granted leave to deposit said moneys with the court without the legal consequences said party originally sought. The Clerk is directed to either return the check deposited or to accept it for safekeeping, with no other legal consequences regarding defendant's possible liabilities toward plaintiffs, attaching at this moment to the fact of the deposit.

IT IS SO ORDERED.

---

1. The jurisdiction of this Court in this case lies pursuant to Title 28, United States Code, Section 1332, and we are thus constrained to apply the substantive law of the Commonwealth of Puerto Rico.