**GULF STATES UTILITIES COMPANY, Plaintiff-Appellee,**

v.

**ALABAMA POWER COMPANY, Georgia Power Company, Gulf Power Company, Mississippi Power Company, The Southern Company, and Southern Company Services, Inc., Defendants-Appellants,**

**Louisiana Public Service Commission, Movant-Appellant.**

No. 86–2802.

United States Court of Appeals, Fifth Circuit.

Nov. 9, 1987.

Rodney O. Mundy, Birmingham, Ala., Charles M. Crook, Montgomery, Ala., James H. Miller, III, Dan H. McCrary, Birmingham, Ala., for Alabama Power Co., and Southern Co. Services.

Robert H. Forry, Robert P. Edwards, Jr., Atlanta, Ga., for Georgia Power Co. and The Southern Co.

Basile J. Uddo, Frank J. Uddo, Elizabeth H. Porter, New Orleans, La., for LPSC.

Ben H. Stone, Gulfport, Miss., for Mississippi Power Co.

G. Edison Holland, Jr., Robert L. Crongeyer, Pensacola, Fla., for Gulf Power Co.

John G. Bissell, Beaumont, Tex., for all petitioners.

Paul W. Gertz, Orgain, Bell & Tucker, Beaumont, Tex., Taylor, Porter, Brooks & Phillips, Tom F. Phillips, Fredrick R. Tulley, Baton Rouge, La., for plaintiff-appellee.

## ON SUGGESTION FOR REHEARING EN BANC

Before WILLIAMS, Circuit Judge, and MENTZ\*, District Judge.\*\*

JERRE S. WILLIAMS, Circuit Judge:

In the suggestion for rehearing en banc by the defendant-appellants known collectively as The Southern Companies treated as a petition for panel rehearing, IT IS ORDERED that the panel rehearing is GRANTED for the purpose of deleting one sentence from the opinion.

The Southern Companies focus a substantial part of the attention of their suggestion for rehearing en banc on one sentence in the opinion which reads as follows:

> While the FERC has exclusive jurisdiction over rates, it does not have jurisdiction over quantities except as quantities may affect rates.

*Gulf States Utilities Co. v. Alabama Power Co.,* 824 F.2d 1465, 1471 (5th Cir.1987). This sentence was not necessary to the holding of the Court, and it is ordered that the sentence be deleted from the panel opinion.

The panel reminds the petitioner that the scope of the decision of the panel is exceedingly narrow. It held "that the district court does have jurisdiction over at least some aspects of this suit because the FERC's jurisdiction over Gulf States Utilities Co. as to some aspects of its complaint is not exclusive ... or primary...." This is an interlocutory appeal from a decision of the district court refusing to dismiss the entire case on the motion of Southern Companies asserting exclusive and primary jurisdiction in the FERC. Our opinion contains a general analysis of the conditions which the district court must consider in determining the scope of federal preemption and primary jurisdiction as the district court continues to carry the litigation forward. We do not modify those statements except for the one sentence which is deleted and which does not affect the overall analysis presented by the panel.

No member of the panel nor Judge in regular active service of this Court having requested that the Court be polled on rehearing en banc (Federal Rules of Appellate Procedure and Local Rule 35), the suggestion for Rehearing En Banc is DENIED.