In re the **DEPARTMENT OF ENERGY STRIPPER WELL EXEMPTION LITIGATION.**

**MOBIL OIL CORPORATION, et al., Plaintiffs,**

v.

**UNITED STATES DEPARTMENT OF ENERGY, et al., Defendants.**

**M.D.L. No. 378.**
**Civ. A. No. 78–1010.**

United States District Court, D. Kansas.

Feb. 1, 1989.

Paul Michael, Economic Regulation Admin., Washington, D.C., for Dept. of Energy.

Evan J. Olson, Hershberger, Patterson, Jones & Roth, Wichita, Kan., David A. Holzworth of Lepon, McCarthy & Jutkowitz, Washington, D.C., and F. Kimball Joyner, Jr., Mobil Exploration & Producing U.S., Inc., Dallas, Tex., for Mobil Oil Corp.

## OPINION AND ORDER

THEIS, District Judge.

This case is before the court on the motion of Mobil Oil Corporation (Mobil) for leave to deposit funds into the registry of the court pursuant to Fed.R.Civ.P. 67. Mobil seeks to deposit $9,216,527 into the registry of the court and thereafter be released from all future liability for interest on any funds Mobil may be later adjudged as owing to the M.D.L. 378 Escrow. The Department of Energy (DOE) opposes Mobil's motion. The court held a hearing December 20, 1988, has considered the briefs and the relevant case law, and is now prepared to rule.

Rule 67 provides in relevant part:

In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of such sum or thing, whether or not that party claims all or any part of such sum or thing.

Fed.R.Civ.P. 67. Professors Wright and Miller have made the following comments about the rule:

Rule 67 is a rather unimportant rule. Predictions made at the time it was adopted that there are "not very many occasions for the application of this rule" have been proven accurate.

The rule applies in an action "in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other things [sic] capable of delivery." A party may deposit with the court all of [sic] any part of the sum or thing, but must give notice to every other party, and must obtain leave of court to make the deposit.

The purpose of the deposit is to relieve the depositor of responsibility for a fund in dispute. It is useful in cases of interpleader and of tender of an undisputed sum. Under some circumstance it may suffice to stop the running of interest....

12 C. Wright & A. Miller, *Federal Practice & Procedure* § 2991 (1973) (footnotes omitted).

The court has found no reported cases similar to the present case, involving a motion to deposit funds into the court when the court had previously established an escrow account for the deposit of those funds. The following general principles may be gleaned from the scant case law involving Rule 67. The rule does not authorize a deposit into court when no action has been brought seeking a judgment for a sum of money. *Eurolines Shipping Co., S.A. v. Metal Transport Corp.*, 491 F.Supp. 590, 592 (S.D.N.Y.1980). A Rule 67 deposit is proper only when there is a dispute concerning the funds. *Gulf States Utilities Co. v. Alabama Power Co.*, 824 F.2d 1465, 1475, *modified on other grounds*, 831 F.2d 557 (5th Cir.1987); *Manufacturers Hanover Overseas Capital Corp. v. Southwire Co.*, 589 F.Supp. 214, 221 (S.D.N.Y.1984); *Frederick Fell Publishers, Inc. v. Lorayne*, 422 F.Supp. 808, 811 (S.D.N.Y.1976). The Rule 67 procedure provides a place of safekeeping for dis-

puted funds pending the resolution of a legal dispute, but it cannot be used as a means of altering the contractual relationships and legal duties of the parties. *Prudential Insurance Co. of America v. BMC Industries, Inc.,* 630 F.Supp. 1298, 1300 (S.D.N.Y.1986). The decision whether to allow a Rule 67 deposit lies within the discretion of the court. *Gulf States Utilities,* 824 F.2d at 1475.

■ Some courts have held that interest stopped accruing after the date of the Rule 67 payment into court. *See Holborn Oil Trading Ltd. v. Interpetrol Bermuda Ltd.,* 658 F.Supp. 1205, 1212 (S.D.N.Y.1987) (deposit of amount of arbitration award plus interest to date of deposit); *Kotsopoulos v. Asturia Shipping Co., S.A.,* 467 F.2d 91, 94 (2d Cir.1972) (deposit stops accrual of interest after but not before the date of deposit into court); *Reliable Marine Boiler Repair, Inc. v. Mastan Co.,* 325 F.Supp. 58, 64 (S.D.N.Y.1971); *cf. Devex Corp. v. General Motors Corp.,* 638 F.Supp. 940, 945 (D.Del.1986) (amount of judgment paid into court even though no Rule 67 motion filed), *aff'd,* 822 F.2d 52 (3d Cir.1987); *vacated,* — U.S. —, 108 S.Ct. 2862, 101 L.Ed.2d 898 (1988); *aff'd,* 857 F.2d 197 (3d Cir. 1988). The mere filing of a motion to deposit funds is insufficient to stop the accrual of interest. *United States ex rel. A.C. Garrett v. Midwest Construction Co.,* 619 F.2d 349, 353 (5th Cir.1980).

A few courts have chastised defendants for their failure to take advantage of the protection apparently afforded by Rule 67. These courts have held that, had the defendant requested and been granted leave to deposit funds into the court, the defendant's liability for interest would have ceased at that time. These courts accepted without analysis or explanation that payment into court would automatically stop the further accrual of interest. *See Bank of China v. Wells Fargo Bank & Union Trust Co.,* 209 F.2d 467, 473 (9th Cir.1953); *Fassbinder v. Pennsylvania RR. Co.,* 233 F.Supp. 574, 576 (W.D.Pa.1964); *contra Blasini–Stern v. Beech–Nut Life Savers Corp.,* 429 F.Supp. 533, 534 (D.P.R.1975). At issue in the present motion is the propri-

ety of using Rule 67 to halt the accrual of interest, when the amount and rate of interest are two of the key issues on the merits of the underlying dispute.

The court has summarized the background of this case in previous orders. *E.g.,* 653 F.Supp. 108 (D.Kan.1986); 578 F.Supp. 586 (D.Kan.1983). For the purposes of the present motion, the following brief discussion is in order. On July 7, 1986, the court approved a Final Settlement Agreement (FSA), which concerned the distribution of over one billion dollars in escrowed stripper well overcharge funds. *See* 653 F.Supp. 108 (D.Kan.1986). At this stage of the case, DOE seeks to recover deficiencies plus interest from the various plaintiffs for distribution via the mechanism established by the FSA. These deficiencies resulted from the plaintiffs' alleged failure to deposit all overcharge funds (equalling the difference between the stripper well price and the controlled price of crude oil) into the court's escrow.

DOE has recently filed a motion for summary judgment against Mobil seeking $12,211,100, plus interest accruing from November 30, 1988 through the date of Mobil's payment into the M.D.L. 378 Escrow. Dk. No. 1508. DOE's motion for summary judgment has not been fully briefed and is therefore not ripe for decision. Of the $12,211,100 sought by DOE, over $9,750,000 constitutes interest on Mobil's alleged deficiencies. This interest has been calculated pursuant to DOE's Policy Statement on Interest, 46 Fed.Reg. 21,412 (1981). The DOE policy rates of interest exceed the rates of interest earned by the funds being held in the M.D.L. 378 Escrow.

Mobil seeks to deposit the sum of $9,216,527 ("the funds") into the court, pursuant to Rule 67, for temporary investment in United States Treasury Bills. Mobil requests that the funds be held separately from the M.D.L. 378 Escrow. Mobil has two reasons for its tender of the funds: (1) to stay the automatic disbursement of the funds to the States and DOE which would occur under the terms of the FSA if the funds were deposited into the M.D.L. 378 Escrow; and (2) to stop the accrual of

interest against Mobil on the funds pending a decision by the court as to (a) the amount that Mobil owes to the M.D.L. 378 Escrow and (b) the proper rate of interest payable on any principal amounts owed.

Mobil has recently filed a third-party complaint against the State of Oklahoma and others. Mobil denies that it is liable to the escrow for the funds it seeks to deposit, but alleges that if it is held liable, it will be entitled to reimbursement from the third party defendants for a portion of those sums. The $12 million judgment sought by DOE includes severance taxes, plus accrued interest, that Mobil was required by state law to remit to the State of Oklahoma based on the higher stripper well prices. Mobil contends that Oklahoma must now refund those taxes to Mobil.

Mobil disputes the interest rates used by DOE in calculating the $12 million figure which DOE seeks, since the interest rates DOE used in calculating the $12 million figure exceed the rates of interest earned by the funds in the M.D.L. 378 Escrow. Finally, if Mobil deposits the funds into the M.D.L. 378 Escrow, the funds will be automatically disbursed pursuant to the terms of the FSA to various recipients, including the State of Oklahoma. Counsel for Mobil candidly admitted at the hearing that Mobil does not want the State of Oklahoma to receive any more distributions from the M.D.L. 378 Escrow pending resolution of Mobil's claim against Oklahoma. If it were not for Oklahoma's position as a recipient of M.D.L. 378 funds, Mobil admitted that it would be willing to deposit a portion of the funds into the escrow. Mobil wishes to preserve any remedies it may have against Oklahoma by withholding funds that Oklahoma would otherwise receive from the escrow. However, Mobil does not wish to risk further liability for prejudgment interest on the funds for the period of time those funds are withheld from the escrow.

DOE opposes Mobil's motion on the ground that the FSA, which controls this case, does not authorize a Rule 67 deposit. DOE views Mobil's motion as an attempt to avoid its obligation to pay interest on its deficiencies. DOE argues that Mobil is: (1) seeking a premature ruling from the court that the appropriate rates of interest Mobil must pay on its overcharges are the rates Mobil used to calculate the $9 million figure; and (2) attempting to freeze the amount of interest it will have to pay on its overcharges at the level that would be earned in the separate escrow account. DOE asserts that its motion for summary judgment is the appropriate context for determining the proper rates of interest.

■ Mobil has attempted to argue the merits of its third party claim against the State of Oklahoma through the present motion. Mobil offered to deposit the funds into the M.D.L. 378 Escrow, provided that the court halt all further distributions to the State of Oklahoma. While Mobil offered this as a modification of its proposed Rule 67 order, in actuality Mobil has asked the court to cut off the State of Oklahoma's contractual and legal rights under the Final Settlement Agreement without giving Oklahoma an opportunity to be heard on the matter. The court declines to cut off Oklahoma's right to distributions from the escrow without giving the State of Oklahoma its due process. Mobil's proposal is an improper use of the Rule 67 mechanism.

The court has carefully considered Mobil's arguments and the relevant case law. The court has concluded that the motion must be denied. The court has discretion whether to allow a Rule 67 deposit. If the court were to allow such a deposit, the court would have the discretion to determine whether such a deposit would halt the further accrual of interest.

The calculation of interest is one of the key issues on the merits of this case. DOE is seeking restitution, which includes interest, for Mobil's alleged overcharges. DOE has recently filed a motion for summary judgment seeking in excess of $12 million, representing both principal and interest, which DOE contends represents full and fair restitution for Mobil's alleged overcharges. DOE's motion for summary judgment is the appropriate context for the determination of the proper rates of interest.

This court has strictly adhered to the language of the Final Settlement Agreement when parties have requested that the court depart from the written terms. The court stated at the hearing and reiterates now that it is unwilling to deviate from the express terms of the FSA. Counsel for Mobil argued at the hearing that Mobil was not intending to alter, construe, or amend the FSA. Mobil is, however, attempting to avoid the express terms of the FSA.

The FSA does not provide a separate procedure under which Mobil may contest its liability while having its obligation to pay interest stayed. Mobil's motion, if granted, would result in an alteration of the contractual relationships and legal duties arising from the FSA. Rule 67 cannot be used in this manner. *See Prudential Insurance Co. of America v. BMC Industries, Inc.,* 630 F.Supp. 1298, 1300 (S.D.N.Y.1986). The court is hesitant to set such a dangerous precedent by allowing Mobil to engraft a new procedure onto the FSA which was not contemplated by the parties to the FSA.

Mobil may avoid the automatic disbursement mechanism of the FSA by retaining possession of the funds. Mobil may avoid further accrual of interest by paying the funds into the M.D.L. 378 Escrow for disbursement. As for the particular sum of money to be paid into the M.D.L. 378 Escrow, the FSA contemplates two options: either the plaintiff settles with DOE or DOE seeks a judgment from the court as to the appropriate amount due. The settlement agreement negotiated by the parties and approved by this court provides no other options. While this result may seem harsh, the court feels bound to adhere to the plain language of the Final Settlement Agreement.

IT IS BY THE COURT THEREFORE ORDERED that Mobil's motion for leave to deposit funds into the registry of the court pursuant to Rule 67 is hereby denied.