Slip Op 14-98

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNITED STATES,<br><br>                              Plaintiff,<br><br>       v.<br><br>AMERICAN HOME ASSURANCE COMPANY,<br><br>                              Defendant. | Before: Leo M. Gordon, Judge<br><br>Consol. Court No. 09-00403 |

## MEMORANDUM and ORDER

[Defendant's Motion to Make USCIT Rule 67 Deposit and Entry of Judgment denied.]

Dated:  August 21, 2014

Beverly A. Farrell, Senior Trial Attorney, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice of New York, New York argued for plaintiff.  With her on the brief were Stuart F. Delery, Assistant Attorney General, Amy M. Rubin, Acting Assistant Director.  Edward F. Kenny, Aimee Lee, and Alexander Vanderweide, Trial Attorneys were also on the brief.  Of counsel on the brief were Paula S. Smith, Office of the Assistant Chief Counsel, U.S. Customs and Border Protection of New York, NY, and Brandon T. Rogers, Office of Assistant Chief Counsel, U.S. Customs and Border Protection, Indianapolis, IA.

Herbert C. Shelley, Steptoe & Johnson of Washington, DC argued for defendant American Home Assurance Company.  With him on the brief was Mark F. Horning.

Gordon, Judge:  Pending before the court is Defendant American Home Assurance Company's ("AHAC") motion, pursuant to USCIT Rules 67 and 67.1, for permission to deposit into an interest-bearing account moneys representing the antidumping duties owed to Plaintiff United States (the "Government") under the surety bonds in issue in three of the four actions consolidated under Consol. Court No. 09-00403, and allowing the Government to withdraw the deposit at any time.  AHAC also

moves for the entry of judgment dismissing the Government's claims for the principal amounts with prejudice and barring the running of pre-judgment interest from the date of deposit. The Government does not oppose the deposit of these moneys into an interest-bearing account with the court. However, the Government argues that the deposit does not halt the accrual of pre-judgment interest.

The total amount of principal due in the three actions is $6,648,778.32, with $4,448,778.32 due in Court No. 09-00403, $1,400,000.00 in Court No. 10-00125, and $800,000.00 in Court No. 10-00175. The principal amount at issue in the fourth action, Court No. 10-00403, is not included in the request for deposit.

USCIT Rule 67 provides that "[i]f any part of the relief sought is a money judgment[,] . . . a party – on notice to every other party and by leave of court – may deposit with the court all or part of the money." There is no disagreement as to the creation of the depository account and the amount to be deposited into that account. However, the parties dispute the effect of the deposit, namely (1) whether the deposit of the principal amounts owed stops the running of pre-judgment interest; and (2) whether the court should issue judgment in favor of AHAC on the Government's claims for the principal amounts.

Federal Rule of Civil Procedure 67, the comparable provision to USCIT Rule 67, provides that funds may be placed on deposit with the court until it determines how the funds should be divided among the parties to a suit. See 12 C. Wright & A. Miller, Federal Practice & Procedure § 2991 (2d ed. 2014). Even though the parties have agreed to the creation of a Rule 67 fund and the amount to be deposited, the court has

an independent obligation to determine whether to establish a depository fund. The granting of a Rule 67 motion is committed to the sound discretion of the court. Gulf States Utils. Co. v. Ala. Power Co., 824 F.2d 1465, 1474-75 (5th Cir.), amended by 831 F.2d 557 (5th Cir. 1987).

AHAC conditions its Rule 67 request upon the court issuing an order stopping the accrual of pre-judgment interest and the entry of judgment on the principal amounts. The Government disagrees contending that there is no legal authority to support the argument that a partial satisfaction of the anticipated judgment in this consolidated action will terminate the continued accrual of pre-judgment interest. The Government instead insists that any "proper tender of performance" under the bonds must be unconditional, and that the applicable Customs regulations provide that the "principal" amount owed includes unpaid interest. Pl.'s Mem. in Resp. to Def.'s Mot. for Permission to Make Deposit and Entry of Final J. 3-8, ECF No. 85.

Rule 67 by its terms does not provide for the stoppage of the accrual of interest upon deposit of the fund with the court. See Blasini-Stern v. Beech-Nut Life Savers Corp., 429 F. Supp. 533, 534 (D.P.R. 1975). The court, in deciding whether to permit a deposit, has the discretion to determine whether payment into a depository fund stops the accrual of interest. Some courts have exercised this discretion, but apparently only in the context of post-judgment interest. See, e.g., Cordero v. De Jesus-Mendez, 922 F.2d 11, 15-19 (1st Cir. 1990); Kotsopoulos v. Asturia Shipping Co., S.A., 467 F.2d 91, 94 (2d Cir.1972); Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC, No. 04-civ-9651, 2013 WL 1277019 at *2 (S.D.N.Y. Mar. 29, 2013); Holborn Oil Trading Ltd. v.

Interpetrol Bermuda Ltd., 658 F. Supp. 1205, 1212 (S.D.N.Y. 1987); Reliable Marine

Boiler Repair, Inc. v. Mastan Co., 325 F. Supp. 58, 64 (S.D.N.Y. 1971).  Even if a

deposit could stop the running of pre-judgment interest, but see Ziaee v. Vest, 916 F.2d

1204, 1208-10 (7th Cir. 1990), the accrual of interest will continue when the depositor

seeks to impose conditions upon payment into the depository fund, see United States

ex rel. Garrett v. Midwest Constr. Co., 619 F.2d 349, 354 (5th Cir. 1980).

While there is no dispute as to the principal amounts, the key issues that remain

are what interest may be owed, and the rate and amount of that interest.  Specifically,

the Government is seeking statutory interest in the form of a penalty under 19 U.S.C.

§ 580 for having to initiate a suit to recover the principal amounts of the subject bonds.

Additionally, the Government requests pre-judgment interest to compensate it for the

loss of the use of the principal amounts over time.  The Government has filed a motion

for summary judgment seeking amounts representing principal, interest, and penalties.

AHAC has cross-moved for summary judgment, arguing primarily that the Government

lacks authority to collect interest and penalties.  These issues are best resolved in the

context of the parties' cross-motions for summary judgment and not in a motion for the

establishment of a Rule 67 depository fund, particularly one conditioned upon the entry

of judgment.  See In re Dep't of Energy Stripper Well Exemption Litig., 124 F.R.D. 217,

220 (D. Kan. 1989).

Accordingly, it is hereby

**ORDERED** that Defendant AHAC's motion pursuant to for USCIT Rules 67 and

67.1 for the establishment of a depository fund is denied; and it is further

**ORDERED** that Defendant AHAC's motion for the entry of judgment dismissing the Government's claims for the principal amounts with prejudice and barring the running of pre-judgment interest from the date of deposit is denied.

                                              /s/ Leo M. Gordon
                                              Judge Leo M. Gordon

Dated:  August 21, 2014
         New York, New York